International Travel Request
(Rev. 07/17 - D/SC)

# United States District Court

for

### District of South Carolina

_____

## Offender Under Supervision International Travel Request

**Name of Offender:** Christina Garrett          **Case Number:** 2:19CR00060-005

**Name of Sentencing Judicial Officer:** The Honorable Bruce Howe Hendricks, United States District Judge

**Date of Original Sentence:** June 10, 2022

**Original Offense: Count 1:** Conspiracy to Possess with Intent to Distribute and Distribution of Methamphetamine; **Count 14:** Possession with Intent to Distribute Methamphetamine

**Original Sentence:** 60-month term of probation with the following special conditions: 1) You must participate in a mental health treatment program and follow the rules and regulations of that program; 2) You must submit to substance abuse testing to determine if you have used a prohibited substance; 3) You must participate in an [inpatient/outpatient] substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity); and 4) You must contribute to the cost of such substance abuse, testing, and mental health programs not to exceed the amount determined reasonable by the Court approved U.S. Probation Office's "Sliding Scale for Services," and you will cooperate in securing any applicable third-party payment, such as insurance or Medicaid.

**Type of Supervision:** Probation          **Date Supervision Commenced:** June 10, 2022

**Previous Court Action/Notification(s):** None.

═══════════════════════════════════════════════════════════════

### SUMMARY OF SUPERVISION

The defendant's term of probation commenced on June 10, 2022. Currently, she is residing with her son in Hanahan, SC. The defendant's mother also resides in Hanahan and provides the defendant and her son with support. Currently, the defendant's primary job is at Virginia's On King Restaurant, where she is a shift manager. She also works one day each month at Logan's Roadhouse so she can stay on the pay roll and collect benefits. In addition to her employment, she collects a monthly disability award because of an automobile accident in 2012, resulting in serious injuries that continue to affect her today.

During the defendant's term of probation, she completed the Any Length Recovery Program in Sumter, SC. After completion of the program, she continues to be active in the AA/NA community at the Charleston Center and is leader in those sessions. She has had no violations of supervision and all drug screens have been negative.

On January 17, 2025, the defendant filed a motion to go on a cruise with her mother and son, with a stop in Cozumel, Mexico. Based on the motion submitted by the defendant, the probation office and Assistant United States Attorney, Christopher Lietzow, did not have any objections. However, as noted below, the submitted motion by the defendant is not consistent with the itinerary. Thus, at this time, the probation office and AUSA Lietzow recommend the cruise be denied at this time. The defendant was advised that she could resubmit another motion but was also advised that individuals on supervision are not currently allowed into the Bahamas.

### U.S. PROBATION OFFICER ACTION:

Pursuant 22 CFR §51.70, "Denial of Passports" and §51.71, "Denial of Passport to Certain Convicted Drug Offenders, the State Department determines whether to reissue a passport at a future date to a defendant. The nature of certain offenses (e.g. use of the passport in crossing an international border to commit certain offenses) disqualifies a person from being issued a passport." Additionally, pursuant to AO Policy 460.55.30 the U.S. Probation Office must seek the express consent of the Court or Parole Commission before granting an offender permission to travel outside of the United States.

In light of the defendant's request to travel internationally and pursuant to AO Policy 460.55.30(b), this officer has undertaken the following assessment:

The probation officer ☐ **has verified** / **X has been unable to verify** the State Department issued a United States passport after the defendant's release to supervision. It should be noted, the defendant has applied for her passport and from all indications, it will likely be received soon.

The probation officer **X has confirmed** / ☐ **has not been able to confirm** the defendant's travel itinerary. It should be noted, the itinerary provided by the defendant is not consistent with the motion filed for a stop in Cozumel, Mexico. The itinerary submitted by the defendant notes that the cruise will make stops in Labadee, Haiti, and Coco Cay, Bahamas. It should also be noted, the defendant was advised by the probation officer that at this time, individuals on supervision are not allowed into the Bahamas.

The probation officer **X has checked** / ☐ **has not been able to check** with the consulate of the receiving country to ensure that any special requirement or restriction on offender travel has been met. Currently, the Bahamas has restrictions for visitation for individuals on supervision.

The probation officer has evaluated the defendant's third-party risk or other risk posed by the travel by: *Reviewing the defendant's prior record, presentence report and overall adjustment to supervision and noting* ☐ **no incidents** / **X following incidents or occurrences of risk** *to a specific individual or entity as a result of travel.* Currently, the Bahamas has restrictions for visitation for individuals on supervision.

The probation officer has verified the defendant has complied with all of their conditions of supervision and is **X current with/has satisfied /** ☐ **not current** with their criminal or family obligations.

Based on the above-noted assessment we are respectfully requesting the Court **deny** consent for the defendant's request for international travel. The reason for the denial is that the defendant's motion to travel included only an international stop in Cozumel, Mexico. However, after review of the itinerary, it would appear the defendant would make stops in Labadee, Haiti, and Coco Cay, Bahamas. The defendant advised that her mother booked the cruise, with insurance. The defendant has been advised that the probation office can not recommend the cruise be approved and she would need to submit another request to the Court with the proper details of the trip. It should also be noted, the defendant was advised by the probation officer that at this time, individuals on supervision are not allowed into the Bahamas. Assistant United States Attorney Christopher Lietzow advised that he concurs with the recommendation of the probation office that the motion be denied.

✎International Travel Request                                                                          Page 3
  (Rev. 07/17- D/SC)

Respectfully submitted,

By:    _Gregory R. Marett_____
       Gregory R. Marett
       U.S. Probation Officer

Date:  February 5, 2025

Reviewed and Approved By:

_KMFrye_____
Kelli M. Frye
Asst. Deputy Chief U.S. Probation Officer

---

| [ ] | Consent to Travel Granted |
|-----|---------------------------|
| [ ] | Consent to Travel Denied |
| [X] | Other  - Set status conference |

_Bruce H. Hendricks_____
Bruce Howe Hendricks
United States District Judge

_____February 5, 2025_____
              Date